IRA PIERCE BETTS, Appellant, v. W. A. GEHRIG et al.

Division One, December 19, 1924.

1. **LIMITATIONS: Quarantine: Disconnected Lands: Unassigned Dower.** The quarantine right is by statute confined to "the mansion house and the messuages or plantation thereto belonging." Lands not physically connected with the homestead tract and not used in connection with it, are not a part of the plantation belonging to the mansion house, and the beginning of the running of the Statute of Limitations as to them is not delayed by the fact that the widow's dower therein has not been assigned.

2. ———: ———: Homestead. If the widow remained in possession of the homestead until 1914, and then conveyed to defendant, the action to quiet title brought by the homesteader's child in 1920 is not barred by limitations, whether the widow's right be viewed as

homestead or quarantine, for neither came to an end more than ten years before the suit was brought.

3. **ELECTION: Surviving Child.** An attempted election by the widow under Section 321, Revised Statutes 1919, where a child of her husband survives his death, is entirely futile. The widow, as against such surviving child, is not a member of the class covered by that section. And where she has no child, but the surviving child is a child by a former wife, she is not included in the class covered by Section 324.

Citations to Headnotes: 1 and 2, Limitations of Actions, 37 C. J. par. 58 (1926 Anno), 37 C. J. par. 57; 3, Descent and Distribution, 18 C. J. par. 104.

Appeal from Butler Circuit Court.—*Hon. Almon Ing,* Judge.

AFFIRMED *(in part);* REVERSED AND REMANDED *(in part).*

*J. L. Fort, W. E. Edmonds* and *McKay & Jones* for appellant.

(1) The court erred in holding that plaintiff in this cause was barred by the ten year Statute of Limitations. (a) The right of dower was not assigned and the widow would not have been precluded from setting up her quarantine right to the exclusive possession of the premises in any action plaintiff might have brought against her for possession of his inheritance. Nor would her grantee have been so precluded at any time during a period of ten years next after the death of John M. Betts. Fisher v. Sickman, 125 Mo. 177; Shoultz v. Lee, 260 Mo. 724; Null v. Howell, 111 Mo. 273; Moran v. Stewart, 246 Mo. 474; Melton v. Fitch, 125 Mo. 281; Givens v. Ott, 222 Mo. 420. (b) Until dower be assigned the widow or one holding under her by deed is entitled to the possession of the mansion house and plantation of her husband, free of rents. Sec. 334, R. S. 1919; Phillips v. Person, 172 Mo. 24; Smith v. Stephens, 164 Mo. 415; Fisher v. Sickman, 125 Mo. 177; Shoutz v. Lee, 260 Mo. 719; Carey v. Wist, 139 Mo. 146; Osborn

v. Weldon, 146 Mo. 192.   (c) The plantation may be a
separate tract from the home of deceased, yet the right
of quarantine in same exists, regardless of the title by
which his mansion house is held.   Gentry v. Gentry,
122 Mo. 202.   (d) The widow of John M. Betts, the
common source of title, after his death had the
use of all the land he died seized of together with
his mansion house until dower was assigned, pro-
vided dower was assigned within ten years from the
death of the husband, and the proof shows that Betts
died on the 9th day of August, 1908, which would bar
her dower, on August 9, 1918, and the Statute of Limita-
tions would start to run from that time against the heir
and would bar him on August 9, 1928, or ten years after
it started.   This suit was filed and service had May 20,
1920, or less than two years after the statute started.
Sec. 359, R. S. 1919; Belfast Inv. Co. v. Curry, 264 Mo.
483.   (e) The record discloses that lots 5 and 6 in block
7 in Campbell, as well as being the mansion house of the
deceased, was his homestead; that he resided there at
the time of his death and his widow resided there after
his death; that his widow never conveyed said home-
stead until March 17, 1914; that Thompson never re-
ceived any deed to this property until the 27th day of
March, 1914.   The record also discloses that the widow
re-married April 11, 1911, and that these suits were
brought on the 20th of May, 1920.   Therefore, under no
theory could plaintiff be barred to claim lots 5 and 6 in
block 7.   Medis v. Kenney, 176 Mo. 208.

. *T. R. R. Ely* and *Smith & Seed* for *respondents.*

(1)   If appellant is an heir of John M. Betts, any
and all rights of action that he might have for the re-
covery of real estate left by the said John M. Betts is
barred by the Statute of Limitations.   R. S. 1919, secs.
1305, 1307.   (2)   The Statute of Limitations commenced
to run against this appellant August 26, 1908, when the

widow of John M. Betts duly filed her election to take a
child's part.  (a) When a widow elects to take a child's
share subject to payment of debts and makes such elec-
tion properly executed, she, thereby renounces all claim
of dower, and all incidents of dower such as the right to
remain in the mansion house, and in lieu becomes by the
very act of such election the owner in fee of an undivided
interest in the lands of her husband, and a tenant in
common with the other heirs.  Wigley v. Beaucamp, 51
Mo. 544;  Klocke v. Klocke, 273 Mo. 157;  Matney v.
Graham, 50 Mo. 563;  Adams v. Adams, 183 Mo. 408;
Kenney v. McVoy, 206 Mo. 55; Christian v. Linderman,
202 Mo. 605; Newton v. Newton, 162 Mo. 187; McFadden
v. Board, 188 Mo. 688.   (b) When ten years have
elapsed since the right of action accrued and three of
those years have been free from disability, the right of
action is barred.  Grey v. Yates, 67 Mo. 603.

JAMES T. BLAIR, P. J.—In the Dunklin Circuit
Court appellant, as plaintiff, began a suit to ascertain
and determine title and for partition against Gehrig, a
like proceeding against Thompson, and a third against
Walker and Groff.  On change of venue the counts for
partition were abandoned; the three cases were heard
together, and are now here on separate appeals but on
a single record.

The pleadings are not in question and there is no
claim they do not cover the issues as presented to this
court.  They need not be set out.  All the realty involved
was owned by John M. Betts at the date of his death,
August 9, 1908, and he is the common source of title.

The facts are not much in dispute.  In December,
1887, John M. Betts married.  He and his first wife,
Martha Ellen Betts, became estranged and he sued for
divorce.  Thereafter and some months after decree for
plaintiff in that case, this appellant was born in Arkan-
sas, October 17, 1893.  On August 18, 1895, Martha
Ellen Betts, appellant's mother, died, and he subsequen-

tly lived with her relatives. He is her only living child. September 3, 1896, John M. Betts re-married. This second wife, Sarah Ida Betts, survived him. He died August 8, 1908. They had no children. August 21, 1908, Sarah Ida Betts filed her election to take under Section 2939, Revised Statutes 1899, now Section 321, Revised Statutes 1919, unchanged. In the same year Sarah Ida Betts brought her suit to partition the lands owned at his death by her husband, John M. Betts. These included all the lands involved in the three instant cases. The defendants in that partition suit were the father, sister and niece of John M. Betts. The petition pleaded John M. Betts's ownership; the widowhood of plaintiff, Sarah Ida; her election to take one-half of John M. Betts's real and personal property, subject to his debts; that administration was proceeding and that there was ample personalty to pay all debts of the estate. Plaintiff also claimed a homestead in her late husband's property, and alleged each defendant was entitled to a one-sixth interest in the remaining property. There was a decree for plaintiff which followed the prayer of the petition. Commissioners were appointed and set off to Sarah Ida Betts the southwest quarter of Section 1 and the north half of the northwest quarter of the northwest quarter of Section 12, Township 21, Range 9 East, in Dunklin County. They valued this at $9000. They set off to defendants, jointly, Lot 2, Block 5, Forrest Hill Addition to the city of Campbell, and Lot 1, Block B in the city of Campbell, valued at $8000. To equalize these the report and the decree required plaintiff to pay defendants $500. Lots 5 and 6 in Block 7, in Campbell, which constituted the homestead and mansion house, were ordered sold, and at the sale were purchased by Sarah Ida Betts. November 10, 1910, she sold the farm set off to her to respondent W. A. Gehrig. March 27, 1914, she sold lots 5 and 6, Block 7, in Campbell, the homestead and mansion house, to respondent N. W. Thompson. Under a decree rendered in December, 1910,

in a suit in partition instituted by John M. Betts, Berlinda Pierce and Violet (Florence) Betts the land previously set off to them in the suit brought by Sarah Ida Betts was sold to E. J. Walker and J. M. Groff, respondents here.

Appellant claims title as the son and sole heir of John M. Betts. Two issues of fact were presented to the trial court. One was the legitimacy of appellant, and the other was whether, assuming his legitimacy, his action was barred by the Statutes of Limitations. The court found in favor of the claim of appellant's legitimacy, and then found that the causes of action were barred by the statute. Appellant became of age in October, 1914, and these suits were instituted in 1920. Counsel conceded on the oral argument that the judgment in the case against Walker and Groff should be affirmed. John M. Betts died seized and possessed of the lands in controversy, and after his death his widow, Sarah Ida Betts, was in possession. No dower has ever been assigned to her. She re-married in 1911 and is still living.

I. Appellant contends that under Section 334, Revised Statutes 1919, Sarah Ida Betts, upon her husband's death, became entitled to the possession of all the **Quarantine.** property by her right of quarantine; that since no dower has ever been assigned, her right of possession continued in her or her grantees until at least 1918, ten years after the death of John M. Betts, and less than ten years before the beginning of these suits. The quarantine right is, by the statute, confined to "the mansion house, and the messuages or plantation thereto belonging." There is no evidence that the land claimed by Gehrig came within any part of the statutory description. Reference to it as a part of the "plantation belonging to the mansion house" of John M. Betts is found in appellant's brief, but not elsewhere. It is not physically connected with the homestead tract.

II.   The tract involved in the Thompson case, constituted the homestead.   Sarah Ida Betts remained in possession of this until 1914, when she conveyed to Thompson.   Whether viewed with respect to a homestead or quarantine right, neither came to an end more than ten years before the bringing of these suits.   Sarah Ida Betts remarried in 1911.

Limitations.

III.   The election attempted by Sarah Ida Betts was futile.   The trial court proceeded on his finding that appellant was the legitimate child of John M. Betts.   On this theory an election under Section 2939, Revised Statutes 1899 (Sec. 321, R. S. 1919) was entirely futile as against appellant, since the electing widow was not a member of the class covered by that section.   Neither was she within the class included within Section 324, Revised Statutes 1919.   She had no child by John M. Betts.   The partition suit could not affect appellant since he was not a party to it.

Election.

IV.   The judgment in the case against Walker and Groff and that in the case against Gehrig are affirmed. That in the case of Thompson is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.   All concur.